# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FREDERICK L. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-0786-CV-W-SRB |
| | ) | |
| AMSTED RAIL COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Plaintiff's Motion for Leave to Conduct Discovery Regarding Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. #9). The motion is GRANTED. As a result, Defendant Amsted Rail Company, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #2) is DENIED WITHOUT PREJUDICE.

On October 4, 2018, Defendant Amsted filed its motion to dismiss arguing this Court lacks personal jurisdiction over Defendant Amsted, a Delaware corporation with its principal place of business in Illinois. Plaintiff Frederick L. Simmons opposed the motion to dismiss on the merits and also filed a motion asking the Court to allow limited discovery "directed at defendant's contacts with Mr. Simmons and other Missouri employees." (Doc. #9, p. 1). Defendant Amsted opposed Plaintiff Simmons' motion for limited discovery as "overbroad and irrelevant." (Doc. #11, p. 1).

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case." *Ibrahim v. Gonzales*, 633 F. Supp. 2d 737, 740 (W.D. Mo. 2007) (citations omitted). Federal courts are courts of limited, not general, jurisdiction. *Id*. at 741 (citations omitted). Personal jurisdiction may be specific or general.

*Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (citations omitted). "A court has an independent obligation to ensure that the case is properly before it." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). When faced with a motion to dismiss for lack of personal jurisdiction, the Court has "considerable procedural leeway" and may permit discovery to ascertain facts relevant to the jurisdictional issues. 61A Am. Jur. 2d, Pleading, § 511 (citations omitted).

While Defendant Amsted argues that "Plaintiff seemingly . . . concedes the Court does not have general jurisdiction over this case[,]" the Court does not necessarily agree with Defendant Amsted on this point. The Court finds it is without sufficient information to decide the personal jurisdiction issue at this time. The Court orders the parties to engage in an expedited sixty-day jurisdictional discovery period, ending on February 5, 2019. Defendant Amsted may renew its motion to dismiss within fourteen days following the closure of jurisdictional discovery. In briefing the renewed motion, the parties shall address both general and specific personal jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that 1) Plaintiff's Motion for Leave to Conduct Discovery Regarding Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #9) is GRANTED and 2) Defendant Amsted Rail Company, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #2) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the parties shall engage in an expedited sixty-day jurisdictional discovery period, which shall close on February 5, 2019, after which time Defendant Amsted shall have fourteen days to refile its motion to dismiss.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2018