IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FREDERICK L. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-0786-CV-W-SRB |
| | ) | |
| AMSTED RAIL COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Amsted Rail Company, Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. #31). For reasons discussed below the motion is granted in part and denied in part. The Court finds it does not have personal jurisdiction over Defendant. However, pursuant to 28 U.S.C. § 1631, Plaintiff Frederick L. Simmons's action is transferred to the United States District Court for the District of Kansas.

**I.      Background**

Plaintiff, who is domiciled in Missouri, is a former employee of Defendant, a Delaware corporation with its principal place of business in Illinois. (Doc. #1-3, ¶¶ 2, 4, 6). Plaintiff worked at Defendant's "facility in Kansas City, Kansas." (Doc. #1-3, ¶ 6). On or about September 27, 2017, Plaintiff "sustained a serious on-the-job injury" at Defendant's Kansas facility. (Doc. #1-3, ¶ 14). Plaintiff's injury "was covered by Defendant's worker's compensation." (Doc. #1-3, ¶ 20). Defendant terminated Plaintiff's employment on October 23, 2017. (Doc. #1-3, ¶ 21). Plaintiff brought this lawsuit, alleging "claims of wrongful discharge due to worker's compensation retaliation and/or age discrimination." (Doc. #1-3, ¶¶ 1, 27, 34–36). On October 4, 2018, Defendant moved to dismiss for lack of personal jurisdiction under

Federal Rule of Civil Procedure 12(b)(2). (Doc. #2). On December 7, 2018, this Court denied Defendant's motion to dismiss without prejudice and granted Plaintiff's motion for limited discovery to determine personal jurisdiction. (Doc. #15, p. 2). On February 19, 2019, Defendant filed the present renewed motion to dismiss for lack of personal jurisdiction. (Doc. #31). Defendant argues that Plaintiff "fails" to meet his burden of establishing personal jurisdiction because he makes allegations "[w]ithout analysis" and then "regurgitates a series of immaterial and unapplied 'facts.'" (Doc. #40, p. 1). Plaintiff frames the "fundamental issue" as whether Defendant "should be excused from defending this case in Missouri as a matter of due process" and argues that "this question should be answered, emphatically, 'NO.'" (Doc. #37, p. 1) (all-caps in original). This Court disagrees with Plaintiff and finds it does not have personal jurisdiction over Defendant.

**II.     Legal Standard**

When a defendant seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d at 591–92 (8th Cir. 2011)). The plaintiff's prima facie showing of personal jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (internal quotation marks omitted) (quoting *Block Indus. V. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)). Personal jurisdiction is "either specific or general." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979–80 (8th Cir. 2015). Specific, or case-linked, personal jurisdiction over a defendant exists when the plaintiff's claim arises from or relates to the defendant's purposeful contacts with the forum State. *Creative Calling Sols.*, 799

F.3d at 979–80 (citing *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014)).  General, or all-purpose, personal jurisdiction over a defendant exists when that defendant's contacts with the forum State "are so continuous and systematic as to render [the defendant] essentially at home" in that State, regardless of how the plaintiff's claim arose.[1]  *Daimler*, 571 U.S. at 127, 136–39 (holding that an individual's domicile and a corporation's place of incorporation and principal place of business are "paradigm" bases for general personal jurisdiction).

III. **Discussion**

A. **Specific Personal Jurisdiction**

A forum court must have both statutory and constitutional authority to exercise specific personal jurisdiction over an out-of-state defendant.  *Creative Calling Sols.*, 799 F.3d at 979 (citing *K–V Pharm. Co.*, 648 F.3d at 592) (holding that personal jurisdiction is proper "if the forum State's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause").  For statutory authority to exercise specific jurisdiction, a federal court looks to the law of the State where the court sits.  Fed. R. Civ. P. 4(k)(1)(A); *see also Walden v. Fiore*, 571 U.S. 277, 283 (2014) (unanimous) (quoting *Daimler*, 571 U.S. at 125) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.").  For constitutional authority to exercise specific jurisdiction, a federal court looks to the Due Process Clause of the Fourteenth Amendment.  *K-V Pharm. Co.*, 648 F.3d at 592.

---

[1] Defendant is not subject to general personal jurisdiction in Missouri.  Defendant is neither incorporated nor has its principal place of business in Missouri.  (Doc. #32, p. 3; Doc. #32-1, ¶ 12).  Defendant "maintains no offices, employees, or worksites in Missouri."  (Doc. # 32, p. 3; Doc. #32-1, ¶ 13).  While Defendant does have contacts in Missouri, they are not "so continuous and systematic as to render [Defendant] essentially at home" there.  *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (internal quotation marks omitted) (quoting *Daimler*, 571 U.S. at 138–39) (holding that railway company with "over 2000 miles of railroad track and more than 2,000 employees in Montana" was not "essentially at home" in Montana for general jurisdiction purposes).

Under the Due Process Clause, a forum court may exercise specific personal jurisdiction over a nonresident defendant only if "the defendant purposely establish[ed] 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining a lawsuit against the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 592 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)). Such minimum contacts exist only when the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," so that the defendant "should reasonably anticipate" litigation in the forum State. *Burger King*, 471 U.S. at 474–75 (internal quotation marks omitted) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). This connection must "arise out of contacts that the defendant [itself] creates with the forum State," *Fastpath*, 760 F.3d at 821 (internal quotation marks omitted) (quoting *Walden*, 571 U.S. at 277), not from "random, fortuitous, or attenuated contacts" or "the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (internal quotation marks omitted) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

Courts in the Eighth Circuit "determine the sufficiency of a non-resident defendant's contacts with the forum state" in light of five factors: "1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties." *Fastpath*, 760 F.3d at 821 (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)) (holding that courts "give significant weight to the first three factors"). Defendant argues that the Due Process Clause bars this Court from exercising specific jurisdiction over it in this case because Plaintiff cannot show that "his alleged wrongful

4

discharge arises out of [Defendant's] purposefully-directed contacts with" Missouri. (Doc. #32, pp. 1). Plaintiff argues that Defendant's allegedly tortious conduct outside Missouri—i.e., firing Plaintiff—had effects inside Missouri that amount to sufficient minimum contacts. (Doc. #37, pp. 5, 11–12).

In this case, even if Missouri's long-arm statute covered Defendant's alleged conduct, the Due Process Clause bars this Court from exercising specific personal jurisdiction over Defendant. Defendant lacks sufficient minimum contacts with Missouri. As discussed earlier, Defendant is neither incorporated nor has its principal place of business in Missouri, (Doc. #1-3, ¶ 4), and "maintains no offices, employees, or worksites" there. (Doc. #3-1, ¶ 13). Neither Plaintiff's workplace injury nor the termination of his employment happened in Missouri. True, Plaintiff has provided evidence that Defendant has several purposeful Missouri contacts: Defendant uses a Missouri-based staffing company, recruits and employs Missouri residents, makes phone calls and sends mail to Missouri-resident employees, deposits employee paychecks in Missouri bank accounts, and "manufacture[s] railroad car wheels which [are] shipped via rail across the State of Missouri throughout the United States and internationally." (Doc. #37, pp. 2–4). Many of these contacts result from Plaintiff's unilateral choice to live in Missouri, which is not purposeful availment by Defendant. *See Walden*, 571 U.S. at 286. None of Plaintiff's cited contacts relate to his claims, which allege wrongful termination due to age discrimination and in retaliation for Plaintiff seeking workers' compensation. Plaintiff also points out that Defendant's plant is less than ten miles from the state line, Defendant uses Missouri-based counsel, and Defendant would suffer no inconvenience if the case was litigated in the Western District of

Missouri and argues those are all factors that lend support for leaving the case in this Court. Those factors have yet to be adopted by the Missouri Supreme Court or the Eighth Circuit.[2]

Plaintiff's claims arise from Defendant's purposeful contacts in Kansas, not its contacts in Missouri. Plaintiff alleges that he "worked for defendant at its facility in Kansas City, Kansas," and that in September 2017 he "sustained a serious on-the-job injury" there. (Doc. #1-3, ¶¶ 6, 14). Plaintiff admits that his "[i]n-person encounters with healthcare providers with respect to his September 2017 on-the-job injury happened in Kansas." (Doc. #37-2, p. 2). Plaintiff's employment was terminated in Kansas. (Doc. #3-1, ¶ 11). The fact that Plaintiff lives in Missouri, and thus feels the effects Defendant's Kansas-based conduct there, without more, does not give the Court constitutional authority to exercise personal jurisdiction over Defendant. *See Walden*, 571 U.S. at 279 (quoting *Rush v. Savchuk*, 444 U.S. 320, 322 (1980)) (holding that "a plaintiff's contacts with the forum State cannot be 'decisive in determining whether the defendant's due process rights are violated'").

Plaintiff attempts to distinguish its suit from the cases cited by Defendant, including *Matthews v. BNSF Ry. Co.*, No. 16-03211-CV-S-RK, 2017 WL 2266891, at *3 (W.D. Mo. May 23, 2017). In *Matthews*, the plaintiff, a Missouri resident, sued his former employer, a railway company incorporated in Delaware with its principal place of business in Texas, in Missouri court for wrongful termination. The plaintiff had worked for the defendant railway company in Nebraska. Plaintiff points to *Matthews* and argues "Judge Ketchmark's ruling that there were insufficient contacts between the defendant" and Missouri "because of the geographic distance and the fundamental unfairness of requiring the defendant to litigate a case hundreds of miles from where it arose does not support defendant's position in this case." (Doc. #37, p. 16). This

---

[2] The Eighth Circuit is generally opposed to the creation of new judicial tests by district court judges, regardless of whether it sticks in a judge's craw or not. *Coleman v. Monroe*, 977 F.2d 442, 443 (8th Cir. 1992).

Court is not persuaded. The *Matthews* court found that it lacked specific jurisdiction over the defendant because "the act of termination on which the complaint is based occurred not in Missouri, but in Nebraska." *Id.* at *4. *Matthews* is on point and supports this Court's decision. *See also McDowell v. Tankinetics, Inc.*, No. 11-3306-CV-S-RED, 2012 WL 828509, at *3 (W.D. Mo. Mar. 8, 2012), *aff'd*, 507 F. App'x 624 (8th Cir. 2013) (dismissing Missouri plaintiff's age discrimination claims for lack of personal jurisdiction over nonresident defendants because plaintiff's choice to work from home in Missouri was "unilateral activity" that did not satisfy minimum contacts requirement). Defendant lacks the "minimum contacts" with Missouri required under the Due Process Clause, and therefore this Court lacks constitutional authority to exercise personal jurisdiction over Defendant.

### B. Transfer Under 28 U.S.C. § 1631

In his opposing suggestions, Plaintiff states that "[i]n the (hopefully unlikely) event this Court decides that it lacks personal jurisdiction, dismissal is not the appropriate remedy; instead, the case should be transferred to the District of Kansas pursuant to 28 U.S.C. § 1631." (Doc. #37, p. 18 n.9). In its reply brief, Defendant does not address Plaintiff's transfer request. Under § 1631, if a district court finds that it lacks personal jurisdiction in a civil case, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . . ."

The Court grants Plaintiff's request to transfer his case. First, Plaintiff's action could have been brought in the United States District Court for the District of Kansas at the time it was filed. Plaintiff has made a prima facie showing that specific personal jurisdiction over Defendant exists in Kansas. Kansas's long-arm statute has a tortious act provision similar to that under Missouri's long-arm statute. *See* Kan. Stat. Ann. § 60-308(b)(1)(B). Here, the tortious act

provision in Kansas's long-arm statute covers the alleged wrongful termination.  The Due Process Clause allows Kansas courts to exercise specific jurisdiction over Defendant in this case because Plaintiffs claims arise from Defendant's purposeful Kansas contacts.  Second, transfer would serve the interest of justice.  As Plaintiff concedes in his opposing suggestions, if this Court were to dismiss Plaintiff's claims, Plaintiff "would not be able to refile his ADEA claim because of the 90-day right-to-sue deadline." (Doc. #37, p. 18 n.9).  Accordingly, this case is transferred to the United States District Court for the District of Kansas.

### IV. Conclusion

It is therefore **ORDERED** that Defendant Amsted Rail Company Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #31) is granted in part and denied in part. Insofar as Defendant asks the Court to find that it lacks personal jurisdiction over Defendant, the motion is granted.  Insofar as Defendant asks the Court to dismiss Plaintiff's action with prejudice, the motion is denied.  **IT IS FURTHER ORDERED** that Plaintiff's action is transferred to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1631.  The Clerk of the Court is directed to transfer this action to the United States District Court for the District of Kansas.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2019